In the INDIANA SUPREME COURT

In The Matter of the Adoption of )
A Policy Statement on Trial Court )
Case Management Systems )
 )
Cause No. 94S00-0205-MS-280 )

 INDIANA SUPREME COURT POLICY STATEMENT

 ON

 TRIAL COURT CASE MANAGEMENT SYSTEMS

 May 13, 2002.

 1. The Indiana Supreme Court believes that it is in the best
interests of Indiana’s citizens, trial courts, court clerks, law
enforcement officials, and lawyers that all of Indiana’s courts maintain
their records in a statewide computerized case management system that
connects courts across county lines and connects courts with local and
state entities that need and use court information. Among other things,
with such a system:

 (a) Citizens and lawyers will be able to check the status of
 their cases over the Internet.

 (b) A court will be able to transmit electronically an order
 suspending (or reinstating) a driver's license to the Bureau of Motor
 Vehicles immediately after making the ruling.

 (c) The state will be able to have an extremely accurate
 electronic registry of all domestic violence protective orders issued
 by Indiana courts.

 (d) A judge facing a criminal defendant in one county will be
 able to determine electronically whether there are charges pending
 against that defendant in any other county.

 (e) Judges, court clerks, prosecutors, lawyers, and their staffs
 will be able to process electronically countless transactions that now
 are performed by hand.

The Supreme Court acknowledges with appreciation that the Indiana General
Assembly and the Governor share this vision and have authorized a court
filing fee with the proceeds dedicated to the implementation of such a
system. At the same time, the Supreme Court recognizes that many counties
have acquired their own case management systems and may wish to continue
using those systems for the foreseeable future. In order to derive the
important public safety and administrative benefits of a statewide
computerized case management system while recognizing the desire for local
flexibility to the extent consistent this vision, the Supreme Court hereby
adopts the following policy on trial court case management systems.

 2. The Supreme Court designates the computerized case management
system known as Computer Associates International, Inc., Statewide Judicial
Case Management Software System as the Indiana statewide trial court case
management system, subject to the execution of a definitive agreement
between Computer Associates International, Inc., and the Indiana Supreme
Court Division of State Court Administration (Division). The Division will
provide and install that system at the Division's expense in any county
that so requests on the terms described in paragraph 3 below. However, no
county will be required to install that system and may at its expense
maintain its existing case management system, upgrade its existing system,
or acquire and install a different system so long as it complies with the
conditions described in paragraph 4 below.

 3. Upon the request of a county’s courts, in cooperation with other
appropriate local officials, the Division will provide and install the
statewide case management system in the requesting county. The
installation of the statewide case management system will be subject to the
terms and conditions of a memorandum of understanding between the Division
and the county covering the relative responsibilities of the Division and
the county for the installation of software and hardware and operation of
the system. In general, the Supreme Court contemplates that the Division
will be responsible for the cost of acquiring and installing the software
in each county, for initial training in each county, for statewide system
servers, for the communications network connecting the counties with each
other and with state agencies, and for the ongoing costs of statewide
systems’ software licenses and maintenance. In general, the Supreme Court
contemplates that counties will be asked to bear or at least share the cost
of local servers, if any, desktop computers and related equipment, data
conversion, and local technological support. However, these allocations of
financial responsibility are general contemplations and likely will vary
according to the state fiscal resources available for this project and from
county to county based on local needs and conditions.

 4. Any county that elects, at its expense, to upgrade substantially
an existing or acquire a new case management system other than the
statewide case management system may do so only with the written permission
of the Division. In general, the Supreme Court authorizes the Division to
approve such an upgrade or acquisition if the Division is satisfied that
the system being upgraded or acquired can be connected with the statewide
case management system in a way that permits the secure sharing of
information in both directions to a substantially similar extent as
information is shared between counties within the statewide case management
system. A condition of approval will be that an appropriate interface
exists or will be provided at the requesting county's expense between the
system being upgraded or acquired and the statewide case management system.

 5. To further the sharing of court information, counties that elect
to maintain their existing case management systems may be required by the
Division to develop interfaces between their systems and the statewide case
management system.

 6. This policy also applies to city and town courts and to Marion
County Small Claims Courts with such modifications as may be necessary
given the nature of those courts.

 7. The Supreme Court reserves the right to direct that a court or
county install a case management system that has the communications and
other features contemplated by this policy. However, barring exceptional
circumstances, it will not direct any system be installed prior to July 1,
2006. No such direction will be given without at least two years' advance
notice.

 The Clerk is directed to see that this policy statement is sent to
West Publishing and Lexis/Nexis for publication in the advance sheets and
bound volumes of reported decisions of this Court.

 Done at Indianapolis, Indiana this 13th day of May, 2002.

 _____________________________
 Randall T. Shepard
 Chief Justice of Indiana

All Justices concur.